**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Edward Jackson, III, | No. CV-11-1748-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| United States Department of Justice Drug Enforcement Administration, | |
| Defendant. | |

On September 26, 2011, the Court dismissed Plaintiff's Complaint with leave to amend. Plaintiff has filed a "Second" Amended Complaint.[1] The Court will screen Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. Pursuant to that screening Plaintiff's First Amended Complaint is dismissed without leave to amend.

**I.    First Amended Complaint**

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court treats the original Complaint as nonexistent. Ferdik, 963 F.2d at 1262. Thus, the Court will consider only those claims

---

[1] Although Plaintiff titles his complaint as a "Second Amended Complaint" it is in fact a "First Amended Complaint."

1 raised in the First Amended Complaint against only those Defendants named in the First
2 Amended Complaint.
3     Plaintiff's First Amended Complaint fails to state a claim on which relief may be
4 granted. It is therefore dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**II.     Dismissal without Leave to Amend**

6     Because Plaintiff has failed to state a claim in his First Amended Complaint, the Court
7 will dismiss his First Amended Complaint. "Leave to amend need not be given if a
8 complaint, as amended, is subject to dismissal." Moore v. Kayport Package Express, Inc.,
9 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is
10 particularly broad where Plaintiff has previously been permitted to amend his complaint.
11 Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Repeated
12 failure to cure deficiencies is one of the factors to be considered in deciding whether justice
13 requires granting leave to amend. Moore, 885 F.2d at 538.

14    Plaintiff has made two efforts at crafting a viable complaint and appears unable to do
15 so despite specific instructions from the Court. The Court finds that further opportunities to
16 amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's First
17 Amended Complaint without leave to amend.

18    **IT IS HEREBY ORDERED** Plaintiff's First Amended Complaint (Doc. 5) and this
19 action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment
20 accordingly.

21    DATED this 27th day of October, 2011.

           G. Murray Snow
           United States District Judge